# Exhibit A

00398360.1

| | |
|---|---|
| **THE BEASLEY FIRM, LLC**<br>By:    LANE R. JUBB, JR., ESQUIRE<br>ID No. 319272<br>1125 Walnut Street<br>Philadelphia, PA  191074997<br>(215) 592-1000<br>(215) 592-8360 (Facsimile) | *Attorney for Plaintiffs*<br> |
| **DAWN LOUISE MANNELLA,**<br>**Individually and as Administratrix**<br>**of the Estate of JOSEPH E.**<br>**BRACKEN, Deceased**<br>30032 Deal Island Road<br>Princess Anne, MD 21853<br><br>                              **Plaintiffs,**<br><br>           v.<br><br>**GREYHOUND LINES, INC.**<br>**Philadelphia Bus Station**<br>1001 Filbert Street<br>Philadelphia, PA  19107<br>                    -and-<br>**FLIXBUS**<br>350 North Saint Paul Street<br>Dallas, TX 75201<br>                    -and-<br>**FLIXBUS, INC.**<br>350 North Saint Paul Street<br>Dallas, TX 75201<br>                    -and-<br>**FLIX NORTH AMERICA, INC.**<br>315 Continental Avenue<br>Dallas, TX 75207<br>                    -and-<br>**GREYHOUND**<br>**Philadelphia Bus Station**<br>1001 Filbert Street<br>Philadelphia, PA  19107<br>                    -and-<br>**ABC Corporation I thru IV**<br><br>                              **Defendants.** | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br>**JUNE TERM, 2023**<br><br>**NO. 2060**<br><br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

*Filed and Attested by the Office of Judicial Records 20 JUL 2023 04:46 pm B. MERCEDES*

**ESTATE OF BRACKEN, ET AL. V. GREYHOUND LINES, INC.**
**NOTICE TO DEFEND**

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

Case ID: 230602060

Case ID: 230602060

| "NOTICE" | "AVISO" |
|---|---|
| You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.<br><br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.  IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.<br><br>Philadelphia Bar Association<br>LAWYER REFERRAL & INFO.<br>One Reading Center<br>Phila., PA  19107<br>(215) 238-1701 | Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas dispuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparencia escrita en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades o otros derechos iportantes para usted.<br><br>LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA QUE SE ENCUENTRA ESCRITA ABAJO.  ESTA OFICINA PUEDE PROVEER DE USTED INFORMACION SOBRE EMPLEAR A UN ABOGADO.  SI USTED NO TIENE SUFICIENTE DINERO PARA EMPLEAR UN ABOGADO, ESTA OFICINA PUEDE PODER PROVEER DE USTED LA INFORMACION SOBRE LAS AGENCIAS QUE PUEDEN OFRECER SERVICIOS LEGAL A LAS PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO O NINGUN HONORARIO.<br><br>Asociacion de Licenciados de Filadelphia<br>Servicio de Referencia e Informacion<br>One Reading Center<br>Phila., PA  19107<br>(215) 238-1701 |

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**ESTATE OF BRACKEN, ET AL. V. GREYHOUND LINES, INC.**
**NOTICE TO DEFEND**

| | |
|---|---|
| **THE BEASLEY FIRM, LLC**<br>By:    LANE R. JUBB, JR., ESQUIRE<br>ID No. 319272<br>1125 Walnut Street<br>Philadelphia, PA  191074997<br>(215) 592-1000<br>(215) 592-8360 (Facsimile) | *Attorney for Plaintiffs* |
| **DAWN LOUISE MANNELLA,** Individually and as Administratrix of the Estate of **JOSEPH E. BRACKEN,** Deceased<br>30032 Deal Island Road<br>Princess Anne, MD 21853<br><br>                              **Plaintiffs,**<br><br>          v.<br><br>**GREYHOUND LINES, INC.**<br>**Philadelphia Bus Station**<br>**1001 Filbert Street**<br>**Philadelphia, PA  19107**<br>                    -and-<br>**FLIXBUS**<br>**350 North Saint Paul Street**<br>**Dallas, TX 75201**<br>                    -and-<br>**FLIXBUS, INC.**<br>**350 North Saint Paul Street**<br>**Dallas, TX 75201**<br>                    -and-<br>**FLIX NORTH AMERICA, INC.**<br>**315 Continental Avenue**<br>**Dallas, TX 75207**<br>                    -and-<br>**GREYHOUND**<br>**Philadelphia Bus Station**<br>**1001 Filbert Street**<br>**Philadelphia, PA  19107**<br>                    -and-<br>**ABC Corporation I thru IV**<br><br>                              **Defendants.** | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br>**JUNE TERM, 2023**<br><br>**NO. 2060**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA  19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**ESTATE OF BRACKEN, ET AL. V. GREYHOUND LINES, INC.**
**COMPLAINT**

Case ID: 230602060

# COMPLAINT

## I. PARTIES

1. Plaintiff, Dawn Louise Mannella, Administratrix of the Estate of Joseph Edward Bracken, ("the Estate") is an adult individual who resides at the above-identified address. Plaintiff brings this action on her behalf, on the behalf of the Estate of Joseph Edward Bracken, and the Estate's Wrongful Death and Survival Act beneficiaries.

2. The Estate of Joseph Edward Bracken, deceased, is located in Pennsylvania, where Joseph Edward Bracken was domiciled and where he died.

3. Defendant Greyhound Lines, Inc. d/b/a Greyhound ("Greyhound") is a Delaware corporation with a principal place of business at the above identified address.

4. Upon information and belief, at all times pertinent hereto, Defendant Greyhound was engaged in the business of transporting passengers by motor vehicle in intrastate and interstate commerce pursuant to Certificates of Public Convenience and Necessity issued by the Interstate Commerce Commission and certain state regulatory authority and has been in business for over 80 years.

5. Upon information and belief, Defendant Greyhound Lines is authorized to do business in the Commonwealth of Pennsylvania and maintains a facility for this purpose, located at 1001 Filbert Street, Philadelphia, Pennsylvania.

6. Defendant Flixbus is a Delaware corporation with a principal place of business at the above-identified address.

7. Upon information and belief, Defendant Flixbus, at all times pertinent hereto, regularly engaged in a commercial enterprise which was involved in the intrastate and interstate transportation of passengers.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**ESTATE OF BRACKEN, ET AL. V. GREYHOUND LINES, INC.**
**COMPLAINT**

Case ID: 230602060

8. Upon information and belief, Defendant Flixbus operates buses out of the Defendant Greyhound terminal located at 1001 Filbert Street, Philadelphia, Pennsylvania.

9. Defendant Flixbus, Inc., is a Delaware corporation with a principal place of business at the above-identified address.

10. Upon information and belief, Defendant Flixbus, Inc., at all times pertinent hereto, regularly engaged in a commercial enterprise which was involved in the intrastate and interstate transportation of passengers.

11. Defendant Flix North America, Inc., ("Flix North America"), is a Delaware corporation with a principal place of business at the above-identified address. Upon information and belief, at all times pertinent hereto, Flix North America acquired Greyhound Lines, is the parent company of Flixbus, Inc., and oversees operations for both Greyhound Lines and Flixbus. Defendants Flixbus, Flixbus Inc., and Flix North America are hereafter collectively referred to as the "Flixbus Defendants."

12. Defendants, ABC Corporations I thru IV are fictitiously designated, as Plaintiffs are unaware of their true identities after a reasonable search to determine their identities. At all times material hereto, Defendants, ABC Corporations I thru IV who by and through their personnel for which they are directly and vicariously responsible for the negligent acts of their agents.

13. ABC Corporation I is the entity that employed the individual(s) responsible for the cleaning of the Bus.

14. ABC Corporation II is the entity that employed the Driver.

15. ABC Corporation III is the entity that was responsible for the bus maintenance, including the air conditioning.

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**ESTATE OF BRACKEN, ET AL. V. GREYHOUND LINES, INC.**
**COMPLAINT**

Case ID: 230602060

16. ABC Corporation IV is the entity that was responsible for the security of the bus at the station.

17. All Defendants are responsible for the acts of all their agents, employees, and servants who, at all times pertinent hereto, acted on their behalf and/or direction and who are identified and described further herein.

## II. JURISDICTION AND VENUE

18. This Court has jurisdiction in that the amount in controversy exceeds the arbitration limits and Plaintiff demands a jury trial.

19. Venue is proper for this action as certain conduct at issue in this lawsuit occurred in Philadelphia, as described in more detail *infra*.

## III. FACTUAL BACKGROUND

20. On August 12, 2021, thirty-two (32) year old Joseph Bracken ("Mr. Bracken") boarded a Greyhound bus in Greenville, South Carolina, scheduled to arrive in Philadelphia, Pennsylvania, on August 13, 2021.

21. Upon information and belief, the Defendants owned, operated, and controlled the subject bus, transportation services, and bus terminals at issue in this lawsuit.

22. At all times pertinent hereto, the bus driver ("the Driver") was an employee and/or agent of all Defendants.

23. During the course of Joseph's trip from Greenville to Philadelphia, Dawn Mannella ("Ms. Mannella"), Joseph's mother, spoke with Joseph multiple times over the phone.

24. Joseph told Dawn he and the other passengers were extremely hot on the bus as the air conditioning in the bus was not working.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**ESTATE OF BRACKEN, ET AL. V. GREYHOUND LINES, INC.**
**COMPLAINT**

Case ID: 230602060

25. The only source of air was a small fan blowing on the Driver.

26. Despite temperatures reaching up to 98 degrees in Baltimore, a stop on the bus's route, and 95 degrees in Philadelphia, the bus continued operating without air conditioning for the passengers.

27. Passengers asked the bus driver to request a bus with working air conditioning, but the Driver declined.

28. The last time Ms. Manella spoke with her son, the bus had departed from Baltimore, and Mr. Bracken told Ms. Manella he estimated an arrival in Philadelphia in approximately forty-five minutes.

29. During this conversation, Mr. Bracken reported a migraine due to the conditions of the bus in the heat.

30. The bus arrived in Philadelphia at the Defendant Greyhound Terminal at approximately 1900 on August 13, 2021.

31. Employees of Defendant Greyhound and the Driver left Joseph's luggage on the sidewalk at the Defendant Greyhound Terminal.

32. After unloading the luggage and the other passengers departed, the Driver parked the bus in the lot, located at 9th and Filbert.

33. The Driver did not conduct a search of the bus prior to or after parking the bus in the lot.

34. Ms. Manella began calling Mr. Bracken when he did not call at arrival and had not arrived at her home in Collingdale.

35. More than an hour after arrival, another bus driver boarded the bus to prepare the bus for travel when the driver found Mr. Bracken unresponsive on the bus.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

36. Mr. Bracken had a pulse and the paramedics ran him on a gurney from 9th and Filbert down to Thomas Jefferson University Hospital ("TJUH.")

37. During this time, Ms. Manella continued to call her son.

38. Finally, at approximately 10:30 p.m., a physician at TJUH answered Dawn's call on her son's phone.

39. TJUH informed Dawn that Joseph was left trapped on the bus for several hours after experiencing a cardiac arrest.

40. Due to the significant time in which Joseph was left unattended on the hot bus he suffered catastrophic anoxic brain and organ damage.

41. Mr. Bracken succumbed to his injuries two days later on August 15, 2021.

42. TJUH reported to Ms. Manella that had her son been found sooner that he would be alive.

43. Defendants never contacted the police to conduct a timely investigation of the conduct at issue.

44. As a proximate result of the Defendants' negligence as set forth above and further herein, Mr. Bracken suffered severe conscious pain and suffering and ultimately death.

### IV. THEORIES OF LIABILITY

**COUNT I**
**NEGLIGENCE**
*Plaintiffs v. Greyhound Lines, Inc.*

45. Plaintiffs incorporate by reference the above paragraphs.

46. Defendant Greyhound owed a duty to its passengers to ensure safe transport including a safe departure from the bus.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**ESTATE OF BRACKEN, ET AL. V. GREYHOUND LINES, INC.**
**COMPLAINT**

Case ID: 230602060

47. Defendant Greyhound is responsible for the acts and omissions of their employees, agents, and servants, including but not limited to those identified herein including the Driver.

48. Defendant Greyhound knew or should have known that the screening, qualification, selection, supplying, and/or hiring of drivers and terminal employees for motor carriers would place those drivers in charge of the bus operations, including ensuring the safe departure of every passenger.

49. Defendant Greyhound knew or should have known that Mr. Bracken remained and was subsequently trapped on the bus after arriving in Philadelphia.

50. Defendant Greyhound, acting through its employees and agents, breached the above-stated duty of care when it:

   a. Failed to ensure all passengers safely exited the bus;

   b. Failed to search the bus for any sleeping or ill passengers;

   c. Failed to inquire as to why certain bags went unclaimed;

   d. Failed to timely ensure no passengers remained on the bus;

   e. Operated the bus in an unsafe condition for passengers and as a health hazard, such as extended travel in 98 degree heat with no air conditioning;

   f. Negligently entrusted the Driver with its vehicle when they knew or should have known that the bus driver lacked sufficient skill, judgment, and prudence in the arrival and departure procedures;

   g. Failed to adequately instruct the bus driver in the proper procedures of unloading the bus prior to entrusting the driver with it;

**The Beasley Firm, LLC**
1125 Walnut Street
Philadelphia, PA 19107
215.592.1000
215.592.8360 (Fax)
www.beasleyfirm.com

**Estate of Bracken, et al. v. Greyhound Lines, Inc.**
**Complaint**

Case ID: 230602060

h. Failed to adequately ascertain that the bus driver lacked the ability necessary to safely transport passengers under the circumstances;

i. Failed to exercise reasonable care in investigating the education, training, and competence as an employee overseeing safe transportation before hiring the bus driver;

j. Failed to provide working air conditioning on the bus while on route to Philadelphia;

k. Failed to have adequate life-saving equipment on the bus and or terminal;

l. Failed to properly use life-saving equipment;

m. Such other acts or omissions as shall be discovered during the course of proper discovery under the applicable Pennsylvania Rules of Procedure.

51. Defendant Greyhound breached its duty of care in failing to implement certain policies including the securing of the bus without any remaining passengers.

52. Defendant Greyhound breached its duty of care in failing to have adequate life-saving equipment on the bus and/or terminal.

53. Defendant Greyhound breached its duty of care in failing to have adequately trained employees or agents on the use of life-saving equipment on the bus and/or terminal.

54. Defendant Greyhound breached its duty of care in failing to provide working vehicles such as those with air conditioning in 98-degree heat.

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**ESTATE OF BRACKEN, ET AL. V. GREYHOUND LINES, INC.**
**COMPLAINT**

Case ID: 230602060

55. As a direct and proximate result of Defendant Greyhound's negligence and recklessness as set forth in this Complaint, Mr. Bracken suffered catastrophic and life-ending injuries.

56. The Greyhound Defendants' aforementioned negligence increased the risk that Mr. Bracken would suffer the harm that he did in fact endure.

## COUNT II
## NEGLIGENCE
### *Plaintiffs v. The Flixbus Defendants*

57. Plaintiffs incorporate by reference the above paragraphs.

58. The Flixbus Defendants owed a duty to its passengers to ensure safe transport including a safe departure from the bus.

59. The Flixbus Defendants are responsible for the acts and omissions of their employees, agents, and servants, including but not limited to those identified herein including the Driver.

60. The Flixbus Defendants knew or should have known that the screening, qualification, selection, supplying, and/or hiring of drivers and terminal employees for motor carriers would place those drivers in charge of the bus operations, including ensuring the safe departure of every passenger.

61. The Flixbus Defendants knew or should have known that Mr. Bracken remained and was subsequently trapped on the bus after arriving in Philadelphia.

62. The Flixbus Defendants, acting through their employees and agents, breached the above-stated duty of care when it:

    a. Failed to ensure all passengers safely exited the bus;

    b. Failed to search the bus for any sleeping or ill passengers;

    c. Failed to inquire as to why certain bags went unclaimed;

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**ESTATE OF BRACKEN, ET AL. V. GREYHOUND LINES, INC.**
**COMPLAINT**

Case ID: 230602060

    d.  Failed to timely ensure no passengers remained on the bus;

    e.  Operated the bus in an unsafe condition for passengers and as a health hazard, such as extended travel in 98-degree heat with no air conditioning;

    f.  Negligently entrusted the Driver with its vehicle when they knew or should have known that the bus driver lacked sufficient skill, judgment, and prudence in the arrival and departure procedures;

    g.  Failed to adequately instruct the bus driver in the proper procedures of unloading the bus prior to entrusting the driver with it;

    h.  Failed to adequately ascertain that the bus driver lacked the ability necessary to safely transport passengers under the circumstances;

    i.  Failed to exercise reasonable care in investigating the education, training, and competence as an employee overseeing safe transportation before hiring the bus driver;

    j.  Failed to provide working air conditioning on the bus while on route to Philadelphia;

    k.  Failed to have adequate life-saving equipment on the bus and or terminal;

    l.  Failed to properly use life-saving equipment;

    m.  Such other acts or omissions as shall be discovered during the course of proper discovery under the applicable Pennsylvania Rules of Procedure.

63.    The Flixbus Defendants breached their duty of care in failing to implement certain policies including the securing of the bus without any remaining passengers.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**ESTATE OF BRACKEN, ET AL. V. GREYHOUND LINES, INC.**
**COMPLAINT**

Case ID: 230602060

64. The Flixbus Defendants breached their duty of care in failing to have adequate life-saving equipment on the bus and/or terminal.

65. The Flixbus Defendants breached their duty of care in failing to have adequately trained employees or agents on the use of life-saving equipment on the bus and/or terminal.

66. The Flixbus Defendants breached their duty of care in failing to provide working vehicles such as those with air conditioning in 98-degree heat.

67. As a direct and proximate result of the Flixbus Defendants' negligence and recklessness as set forth in this Complaint, Mr. Bracken suffered catastrophic and life-ending injuries.

68. The Flixbus Defendants' aforementioned negligence increased the risk that Mr. Bracken would suffer the harm that he did in fact endure.

## COUNT III
## NEGLIGENCE
### *Plaintiffs v. Doe Defendants*

69. Plaintiffs incorporate by reference the above paragraphs.

70. Additionally, and alternatively, Defendant ABC Corporation I employed the driver.

71. Additionally, and alternatively, Defendant ABC Corporation II employed the individual(s) tasked for securing the Bus after it arrived in Philadelphia.

72. Additionally, and alternatively, Defendant ABC Corporation III employed any and all security guards and security related personnel responsible for the security of the Bus after it arrived in Philadelphia, which included ensuring that no passengers were left behind.

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**ESTATE OF BRACKEN, ET AL. V. GREYHOUND LINES, INC.**
**COMPLAINT**

Case ID: 230602060

73. Additionally, and alternatively, Defendant ABC Corporation IV was responsible for the maintenance to the Bus, including that of the air conditioner and its component parts.

74. Defendants ABC Corporation I through IV, acting through their employees and agents, breached the above-stated duty of care when it:

   a. Failed to ensure all passengers safely exited the bus;

   b. Failed to search the bus for any sleeping or ill passengers;

   c. Failed to inquire as to why certain bags went unclaimed;

   d. Failed to timely ensure no passengers remained on the bus;

   e. Operated the bus in an unsafe condition for passengers and as a health hazard, such as extended travel in 98-degree heat with no air conditioning;

   f. Negligently entrusted the Driver with its vehicle when they knew or should have known that the bus driver lacked sufficient skill, judgment, and prudence in the arrival and departure procedures;

   g. Failed to adequately instruct the bus driver in the proper procedures of unloading the bus prior to entrusting the driver with it;

   h. Failed to adequately ascertain that the bus driver lacked the ability necessary to safely transport passengers under the circumstances;

   i. Failed to exercise reasonable care in investigating the education, training, and competence as an employee overseeing safe transportation before hiring the bus driver;

   j. Failed to provide working air conditioning on the bus while on route to Philadelphia;

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

ESTATE OF BRACKEN, ET AL. V. GREYHOUND LINES, INC.
COMPLAINT

Case ID: 230602060

  k. Failed to have adequate life-saving equipment on the bus and or terminal;

  l. Failed to properly use life-saving equipment; and

  m. Such other acts or omissions as shall be discovered during the course of proper discovery under the applicable Pennsylvania Rules of Procedure.

75. As a direct and proximate result of the fictitiously-named Defendants' negligence and recklessness as set forth in this Complaint, Mr. Bracken suffered catastrophic and life-ending injuries.

76. The negligence by the aforementioned named Defendants, together with the factiously-named Defendants, increased the risk that Mr. Bracken would suffer the harm that he did in fact endure.

## V. CAUSES OF ACTION

### WRONGFUL DEATH

77. Plaintiffs incorporate by reference the above paragraphs.

78. Plaintiff Dawn Manella was appointed as Administratrix of the Estate of Joseph Edward Bracken on June 7, 2023, by the Register of Wills, Delaware County, Pennsylvania.

79. Plaintiffs bring this action for wrongful death pursuant to 42 Pa.C.S. § 8301 and Pa.R.C.P. § 2202(a). Joseph's survivors are all entitled to recover damages for this death pursuant to 42 Pa.C.S. § 8301 and Pa.R.C.P. §2201(a) and confirmed in *Hatwood v. Hosp. of the Univ. of Pennsylvania, et al.*, 55 A.3d 1129 (Pa. Super. 2021).

80. Joseph's wrongful death beneficiaries are Dawn Manella (Mother) and Joseph Anthony Bracken (Father).

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

ESTATE OF BRACKEN, ET AL. V. GREYHOUND LINES, INC.
COMPLAINT

Case ID: 230602060

## SURVIVAL ACTION

81.  Plaintiffs incorporate by reference the averments of the preceding paragraphs as though fully set forth at length.

82.  Plaintiff, Dawn Manella, as Administratrix of the Estate of Joseph Edward Bracken, brings this action on behalf of the decedent's estate pursuant to 20 Pa.C.S. § 3373 and 41 Pa.C.S. § 8302 for damages suffered by the Estate as a result of the Decedent's death, including the Decedent's pain and suffering inconvenience, loss of life's pleasures, loss of earnings, loss of earning capacity, and other items of damages permitted pursuant to the statutory cause of action.

**WHEREFORE,** Plaintiffs hereby demand judgment against all Defendants, jointly, severally and/or individually in an amount in excess of the jurisdictional requirement to guarantee a jury trial, delay damages, and such other recoverable damages, including punitive damages.

## NOTICE OF PRESERVATION OF EVIDENCE

PLAINTIFFS HEREBY DEMAND AND REQUEST THAT DEFENDANTS TAKE NECESSARY ACTION TO ENSURE THE PRESERVATION OF ALL DOCUMENTS, COMMUNICATIONS, WHETHER ELECTRONIC OR OTHERWISE, ITEMS AND THINGS IN THE POSSESSION OR CONTROL OF ANY PARTY TO THIS ACTION, OR ANY ENTITY OVER WHICH ANY PARTY TO THIS ACTION HAS CONTROL, OR FROM WHOM ANY PARTY TO THIS ACTION HAS ACCESS TO, ANY DOCUMENTS, ITEMS, OR THINGS WHICH MAY IN ANY MANNER BE RELEVANT TO OR RELATE TO THE SUBJECT MATTER OF THE CAUSES OF ACTION AND/OR THE ALLEGATIONS OF THIS COMPLAINT.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**ESTATE OF BRACKEN, ET AL. V. GREYHOUND LINES, INC.**
**COMPLAINT**

Case ID: 230602060

## DEMAND FOR A JURY TRIAL

Plaintiffs demand a jury trial.

                                          **THE BEASLEY FIRM, LLC**

                                       By:   */s/ Lane R. Jubb, Jr.*
                                              **LANE R. JUBB, JR., ESQ.**
                                              *Attorney for Plaintiff*

Dated: 20 July 2023

**THE BEASLEY FIRM, LLC**
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

**ESTATE OF BRACKEN, ET AL. V. GREYHOUND LINES, INC.**
**COMPLAINT**

Case ID: 230602060

## VERIFICATION

I, Dawn Louise Mannella, Individually and as Administratrix of the Estate of Joseph E. Bracken, deceased, hereby verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C. S. §4904 relating to unsworn falsification to authorities.

*Dawn L. Mannella*
**DAWN LOUISE MANNELLA, Ind. and
Adm. Estate of Joseph E. Bracken, deceased**

Dated: 7-14-2023

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

VERIFICATION

Case ID: 230602060