**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAWN LOUISE MANNELLA, | : | |
| Individually and as Administratrix of the | : | |
| Estate of Joseph E. Bracken, Deceased, | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 2:23-cv-03050 |
| | : | |
| GREYHOUND LINES, INC.; FLIXBUS; | : | |
| FLIXBUS, INC.; FLIX NORTH AMERICA, | : | |
| INC.; GREYHOUND; and ABC | : | |
| CORPORATION I THRU IV, | : | |
| Defendants. | : | |

**BRIEF IN SUPPORT OF MOVING DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

**I.    STATEMENT OF FACTS**

On July 20, 2022, Plaintiffs, Dawn Louise Mannella, Individually and as Administratrix of the Estate of Joseph E. Bracken, commenced this civil action against Moving Defendants by way of filing a Complaint in the Court of Common Pleas of Philadelphia County. A true and correct copy of the Complaint is attached hereto as Exhibit "A." On August 7, 2023, Moving Defendants removed this action to the Eastern District of Pennsylvania Court based upon diversity jurisdiction.

In the Complaint, Plaintiffs allege that "as a direct and proximate result of [Moving Defendants'] negligence and recklessness as set forth in this Complaint, Mr. Bracken suffered catastrophic and life-ending injuries."  *See* Exhibit "A" at ¶¶ 55 and 67. Plaintiffs pled that Moving Defendants failed to provide working air conditioning on the bus in question and failed to have adequate life-saving equipment on the same vehicle. Plaintiffs allege that due to Moving Defendants' negligent conduct, Decedent, Joseph E. Bracken, suffered life-ending injuries. Id. at ¶¶ 50-55 and ¶¶ 62-67. After asserting the foregoing allegations against Moving Defendants and

seeking compensatory damages jointly, severally, and/or individually against them, Plaintiffs also seek to recover punitive damages. Id. at ¶¶ 80-82, ad damnum clause to Counts I and II.

## II.      LEGAL ARGUMENT

Rule 12 of the Federal Rules of Civil Procedure provides for the pleading of defenses and objections. More specifically, Rule 12(b)(6) states that "[e]very defense, in law or fact to a claim for relief  in any pleading, whether a claim, counter claim, cross-claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, accept that the following defenses may at the option of the pleader be made by Motion: …(6) failure to state a claim upon which relief can be granted … a Motion making any of these defense shall be made before pleading if a further pleading is permitted."  Fed. R. Civ. P. 12(b)(6). Here in accordance with Rule 12(b)(6), Moving Defendants have filed a Motion to Dismiss the Complaint.

Dismissal of a complaint is appropriate if, accepting as true all of the facts alleged in the complaint, the plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). This standard "requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." Id. at 555 (punctuation omitted). The Twombly standard applies to all civil suits in federal court. See Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). To avoid dismissal, all civil complaints must now set out "sufficient factual matter" to show that a claim is facially plausible. Id. at 678. The Third Circuit requires District Courts to conduct a two-part analysis for motions to dismiss. See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true but may disregard any legal conclusions." Id. at 210-11. "Second, a District Court must then determine whether the facts alleged in the complaint are

sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id. at 211 (citation omitted). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

A.   **PLAINTIFFS HAVE FAILED TO PLEAD SUFFICIENT FACTUAL BASIS TO SUPPORT A CLAIM OF PUNITIVE DAMAGES AGAINST MOVING DEFENDANTS**

In paragraphs 55 and 67 of the Complaint, Plaintiffs allege that Moving Defendants acted with recklessness. Furthermore, in the ad damnum clauses of Counts I and II of the Complaint, Plaintiffs request punitive damages. As all of the claims are based on state law, Moving Defendants' arguments regarding the appropriateness of a claim for punitive damages will be confined to law under the Commonwealth of Pennsylvania.

Punitive damages may only be imposed for conduct that is "outrageous because of the defendant's evil motives or his reckless indifference to the rights of others." Restatement (2nd) of Torts §908(2). A Court may award punitive damages only if the conduct was malicious, wanton, reckless, willful or oppressive. Feld v. Merriam, 506 Pa. 383, 485 A.2d 742 (1984); Chambers v. Montgomery, 411 Pa. 339, 192 A.2d 355 (1963).

Furthermore, in order for punitive damages to be applicable, "[t]he act, or the failure to act, most be intentional, reckless or malicious." Feld v. Merrian, 506 Pa. 383, 485 A.2d 742, 748 (1984). Punitive damages may not be awarded for misconduct that constitutes ordinary negligence such as inadvertence, mistake or errors of judgment. Martin v. Johns-Manville Corp., 508 Pa. 154, 494 A.2d 1088, 1097 (1985); McDaniel v. Merk Sharp and Dohme, 367 Pa. Super. 600, 533 A.2d 436, 437 (1987), allocatur denied, 551 A.2d 215 (1988).

Even if all of the facts alleged in the Complaint are accepted as true, Plaintiffs' allegations do not come close to pleading the level of outrageous conduct that is required to substantiate a claim for punitive damages. Plaintiffs' allegations that Moving Defendants failed to provide working air conditioning, failed to have life-saving equipment, and were negligent, if accepted a true, are not sufficient grounds to plead punitive damages. Even if the air conditioning was inadequate or inoperable, that in no way would suggest intentional, reckless, or malicious conduct on behalf of Moving Defendants. Moreover, any lack of unnamed and unidentified life-saving equipment summarily is insufficient to maintain a claim for punitive damages. Plaintiffs also fail to allege a cause of death in the Complaint.

Taking all the facts pled in the Complaint as true, Plaintiffs have failed to meet the necessary burden to sustain a claim for punitive damages as alleged in Counts I and II of the Complaint. Plaintiffs have failed to allege facts that suggest intentional, reckless, or malicious conduct on the part of the Moving Defendants which is required for a reward of punitive damages. Thus, Plaintiffs' claim for recklessness and punitive damages should be dismissed.

**B.** **THE AVERMENTS IN SUBPARAGRAPH (m) OF PARAGRAPHS 50 AND 62 LACK SUFFICIENT SPECIFICITY AS REQUIRED BY FEDERAL RULE OF PROCEDURE 12(e)**

Rule 12 of the Federal Rules of Civil Procedure provides for the pleading of defenses and objections. More specifically, Rule 12(e) states that "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." *See* Fed. R. Civ. P. 12(e). In the instant action, the Complaint contains general, non-specific averments regarding the alleged negligence of Moving Defendants.

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the

facts upon which she bases her claim. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. <u>Id.</u> The "complaint must allege facts suggestive of [the proscribed] conduct." <u>Twombly</u>, 550 U.S. at 555. Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. Id. The factual allegations must be sufficient to make a claim for relief more than just speculative. <u>Id.</u>

The remedy for an allegation lacking sufficient specificity to provide adequate notice is a Rule 12(e) motion for a more definite statement. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 514, (2002). In <u>Thomas v. Independence Twp.</u>, the Court highlighted the particular use of Rule 12(e) motion for a more definite statement. <u>Thomas v. Independence Twp.</u>, 463 F.3d 285 (3d Cir. 2006). Under Rule 12(e), a defendant may move for a more definite statement "if a pleading...is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). Rule 12(e) motion shall point out the defects complained of and the details desired. <u>Id.</u> The Court in Thomas pointed out that, "when complaint fashioned under a notice pleading standard does not disclose the facts underlying a plaintiff's claim for relief, the defendant cannot reasonably be expected to frame a proper, fact specific defense." <u>Thomas</u>, 63 F.3d at 300. The Rule 12(e) motion for a more definite statement is a procedural tool available to the defendant to obtain the factual basis underlying a plaintiff's claim for relief. <u>Id.</u>

In the instant action, the Complaint contains several general, nonspecific averments regarding the alleged negligence of Defendant. Specifically, in subparagraph (m) in paragraphs 50 and 62 of the Complaint, Plaintiffs allege that Moving Defendants were otherwise negligent as "such other acts or omissions as shall be discovered during the course of proper discovery

under the applicable Pennsylvania Rules of Procedure", without specifying exactly how Moving Defendants were negligent.  In other words, Moving Defendants are left to speculate as to the negligent conduct averred in subparagraph m in paragraphs 50 and 62 of the Complaint.

The allegations contained in the paragraph above are the exact type of vague and overly broad allegations of negligence that Rule 12(e) of the Federal Rules of Civil Procedure looks to eliminate. Such averments are an attempt by Plaintiffs to preserve all unpled theories of liability against Moving Defendants, which is prohibited. The notice pleading standard of the Federal Rules of Civil Procedure requires that the complaint will give the defendant fair notice of the claim(s) and the ground(s) on which it rests. Conley, 355 U.S. at 45-46.

Moving Defendants will be severely and substantially prejudiced by not being able to properly prepare a defense to these overly broad, vague, "catch all" allegations. Moreover, Moving Defendants will be forced to conduct a fishing expedition during the discovery process, contrary to the letter and spirit of the discovery rules, which could impermissibly allow Plaintiffs to advance a new theory of negligence and/or liability beyond the statute of limitations. Such language creates a limitless and impermissibly speculative window of allegations against which Moving Defendants will be unable to defend themselves. Moving Defendants respectfully request the Honorable Court enter an order striking subparagraph (m) in paragraphs 50 and 62 of the Complaint.

III.   **CONCLUSION**

Based on the foregoing, Plaintiffs cannot meet the burden of proof required to recover punitive damages. Furthermore, Plaintiffs failed to plead with sufficient specificity, as required by the Federal Rules of Procedure, in subparagraph (m) in paragraphs 50 and 62 of the

Complaint. For those reasons, Moving Defendants' motion to dismiss should be granted.

Respectfully Submitted,

**KANE, PUGH, KNOELL, TROY & KRAMER, LLP**

By:    /s/ Justin A. Bayer
         JUSTIN A. BAYER, ESQUIRE
         4 Sentry Parkway East, Suite 100
         Blue Bell, PA  19422
         Phone: 610-275-2000
         Fax: 610-275-2018
         Email:  jbayer@kanepugh.com
         PA 93546
         Attorney for Defendants,
         *Greyhound Lines, Inc., Flixbus,*
         *Flixbus, Inc., Flix North America, Inc.*
         *& Greyhound*

DATED: August 14, 2023