IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAWN LOUISE MANNELLA,** *Individually and as Administratrix of the Estate of Joseph E. Bracken, Deceased* **Plaintiff,** v. **GREYHOUND LINES, INC.,** *et al.* **Defendants.** | CIVIL ACTION NO. 23-3050 |

**ORDER**

**AND NOW,** this 27th day of November 2023, upon consideration of Defendants' Motion to Dismiss and Motion to Strike [Doc. No. 4] and the opposition thereto, it is hereby **ORDERED** that the Motion is **GRANTED in part and DENIED in part** as follows:

1.  The motion to dismiss allegations of recklessness and punitive damages is **DENIED**.[1]

---

[1] The Complaint alleges that the decedent, Joseph Bracken, traveled from South Carolina to Philadelphia in August 2021, on a Greyhound bus with broken air conditioning. Despite complaints from passengers, the bus driver (who had a small fan) refused to request a bus with air conditioning. When the bus arrived in Philadelphia, Mr. Bracken's luggage was unloaded and left on the sidewalk. The driver did not check the bus after parking it, and it was not until an hour later that another driver boarded the bus and discovered Mr. Bracken, who was unresponsive. At the hospital, Mr. Bracken was determined to have suffered cardiac arrest and anoxic brain and organ damage from the heat on the bus, and unfortunately, died two days later. Plaintiff asserts claims of negligence and contends that Defendants showed reckless indifference to the well-being of Mr. Bracken. Under Pennsylvania law, punitive damages "may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984) (*quoting Chambers v. Montgomery*, 192 A.2d 355 (Pa. 1963). To meet the standard for punitive damages, a plaintiff must show that "(1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Hutchison v. Luddy*, 870 A.2d 766, 772 (Pa. 2005). Plaintiff has alleged that Mr. Bracken was subjected to excessive temperatures on a long bus ride despite passengers repeatedly making the driver aware of the conditions. These allegations are sufficient to allow the claim for punitive damages to proceed to discovery. *See Alexander v. Western Express*, No. 19-1456, 2019 WL 6339907, at *9 (M.D. Pa. Oct. 18, 2019) ("[B]ecause the question of whether punitive damages are proper often turns on the defendants' state of mind, this question frequently cannot be resolved on the pleadings alone, but must await the development of a full factual record at trial.").

2.      The Motion for a More Definite Statement is **GRANTED**. Subparagraphs (m) in Paragraphs 50 and 62 of the Complaint alleging "[s]uch other acts or omissions as shall be discovered during the course of proper discovery under the applicable Pennsylvania Rules of Procedure" are **DISMISSED**.[2]

3.      Plaintiff may file an amended complaint no later than **December 11, 2023**. If Plaintiff does not file an amended Complaint, then Defendants shall file an answer to the Complaint no later than **December 22, 2023**.[3]

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe

_____
**CYNTHIA M. RUFE, J.**

---

[2] Under Fed. R. Civ. P. 12(e), "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A motion under Rule 12(e) is appropriate "when a complaint does not disclose the facts underlying a plaintiff's claim for relief such that the defendant cannot reasonably be expected to frame a proper, fact-specific defense." *Miller v. Atl. Freight Sys., Inc.*, No. 11-1954, 2013 WL 1308235, at *3 (M.D. Pa. Jan. 29, 2013) (citing *Thomas v. Indep. Twp.*, 463 D.3d 285, 301 (3d Cir. 2006)). The allegations seeking to hold Defendants liable for "[s]uch other acts or omissions as shall be discovered during the course of proper discovery under the applicable Pennsylvania Rules of Procedure" require Defendants to speculate as to the allegations against them and do not provide a basis for Defendants to respond. *See Carson v. Tucker*, No. 20-399, 2020 WL 1953655, at *3 (E.D. Pa. April 23, 2020); *Harvell v. Brumberger,* No. 19-2124, 2020 WL 6947693, at *11 (M.D. Pa. Nov. 4, 2020) (citing *Carson* for the proposition that allegations of "such other acts" require specific allegations so that Defendants may formulate a response), *report and recommendation adopted, Harvell v. Brumberger,* No. 19-2124, 2020 WL 6946575, at *1, n. 1 (M.D. Pa. Nov. 25, 2020) (noting that "Defendants' motion for a more definite statement bespeaks a pedantic, dilatory, and unproductive effort which has added nothing to the development or resolution of this case. Nevertheless, Plaintiffs' counsel's resort in the Complaint to the kind of cookie-cutter, highly generalized allegations identified by the Magistrate Judge invite the type of motion filed here.").

[3] This ruling is without prejudice to Plaintiff's ability to file a motion for leave to amend the Complaint at a later time in accordance with Federal Rule of Civil Procedure 15.