IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAWN LOUISE MANNELLA,** **Individually and as Administratrix of the Estate of JOSEPH E. BRACKEN, Deceased** Plaintiffs, v. **GREYHOUND LINES, INC., et al.** Defendants. | Civil Action No. 2:23-cv-03050 |

### PLAINTIFFS' UNOPPOSED PETITION TO APPROVE THE SETTLEMENT AND DISTRIBUTION

Plaintiff, Dawn Louise Mannella, as Administratrix of the Estate of Joseph Bracken, by and through her undersigned attorneys, The Beasley Firm, LLC, hereby files this Petition to Approve The Settlement and Distribution.

### I. PARTIES

Petitioners are Dawn Louise Mannella, as Administratrix of the Estate of Joseph Bracken. Defendants are Greyhound Lines, Inc., and Greyhound.

### II. BACKGROUND

On June 7, 2023, Dawn Louise Mannella was appointed as the Administratrix of the Estate of Joseph E. Bracken. A copy of the Letters of Administration is attached as Exhibit "A". Parents of the decedent, Joseph E. Bracken, are Dawn Mannella and Joseph A. Bracken, who are the decedent's only intestate beneficiaries. Decedent did not have a will. There are no unpaid claims that have been raised and/or are outstanding in the Decedent's Estate.

This negligence lawsuit was litigated and recently resolved. Plaintiffs initiated this suit on June 21, 2023, through Writ of Summons and filed a Complaint on July 20, 2023, in the Philadelphia Court of Common Pleas. *See* Plaintiffs' Complaint attached as Exhibit "B". On

August 8, 2023, Defendants removed the present action to the Eastern District of Pennsylvania. *See* ECF No. 1. This lawsuit involved contested allegations that Defendants failed to ensure safe transportation during Mr. Bracken's trip on a Greyhound Bus from August 12 –13, 2021, which ultimately resulted in his death.

The parties conducted extensive discovery and were in the process of obtaining expert reports. At this time, the parties globally reached a settlement of $85,000.00.

Pursuant to Local Rule of Civil Procedure 41.2, Petitioner seeks approval of the proposed settlement and distribution schemes. This Petition is filed unopposed.

### III.   FACTS

On August 12, 2021, Joseph Bracken boarded a Greyhound bus in Greenville, South Carolina, scheduled to arrive in Philadelphia, Pennsylvania, on August 13, 2021. Throughout the duration of the trip, Decedent complained that the bus did not have adequate air conditioning. Mr. Bracken reported that he had a migraine while on the bus to his mother over phone.

On August 13, 2021, the bus arrived in Philadelphia at the Defendant Greyhound Terminal. After unloading the luggage and the other passengers departed, the driver of the bus, Charles Washington, parked the bus at the Greyhound terminal, located at 9th and Filbert. Mr. Bracken never exited the bus at this time, which went unnoticed by Defendants and their agents.

Mr. Backen was eventually found unresponsive on the bus. EMS arrived and transported Mr. Bracken to Thomas Jefferson University Hospital ("TJUH"). By the time he arrived at TJUH, Mr. Bracken suffered catastrophic anoxic brain and organ damage. Mr. Bracken succumbed to his injuries two days later on August 15, 2021.

Dawn Mannella, individually and as Administratrix of the Estate of Joseph Bracken, brought this wrongful death and survival action against all Defendants. Defendants dispute the factual allegations above.

During discovery, toxicology results from Jefferson Hospital reported positive for fentanyl in Mr. Bracken's system.

IV. **INJURY**

Plaintiffs alleged that, as a proximate result of Defendants' negligence, Mr. Bracken suffered catastrophic anoxic brain and organ damage, ultimately resulting in his death. Given the extent of his injuries, Mr. Bracken remained on life support, and he never regained consciousness at the hospital. Decedent's cause of death was listed as: "Respiratory arrest secondar to opioid overdose and cardiac arrest. Cerebral edema."

Mr. Bracken was 32 at the time of his death. Mr. Bracken was never married, and he did not have any children. Mr. Bracken was not employed at the time of his death. Mr. Bracken split his time between South Carolina and Pennsylvania. Mr. Bracken would stay with his mother when he resided Pennsylvania.

V. **COSTS, FEES, AND DISTRIBUTION BREAKDOWN**

The parties have agreed to settle this matter in its entirety for $85,000.00. The parties agree that this amount is appropriate, in considering both the loss of Mr. Bracken's life as well as the circumstances surrounding his death.

Counsel has incurred and seeks reimbursement for the costs incurred in litigating this lawsuit, which total to $11,967.28. A breakdown of the costs incurred are as follows:

```
EXPERTS
    A.W. Griffith Transportation Consulting    $ 3,000.00
    Toxicology Associates, PLLC                $ 5,000.00
                                               $ 8,000.00
```

| | | |
|---|---|---|
| **DEPOSITIONS** | | |
|     Magna Legal Services | $ 1,406.25 | |
| | **$ 1,406.25** | |
| **PROTHONOTARY/SHERIFF** | | |
|     City of Philadelphia | $ 730.17 | |
|     PA BCCO Corp. Fee | $ 80.00 | |
| | **$ 810.17** | |
| **LEGAL RESEARCH** | | |
|     Relx Inc. d/b/a Lexisnexis | $ 82.45 | |
| | **$ 82.45** | |
| **PROCESS SERVER** | | |
|     Dennis Richman's Services | $ 629.00 | |
| | **$ 629.00** | |
| **SUBPOENAS** | | |
|     Gift of Life, Donor Program | $ 40.00 | |
|     Jason's Furniture | $ 40.00 | |
|     Metro By T-Mobile | $ 40.00 | |
|     Thomas Jefferson University Hospital | $ 40.00 | |
| | **$ 160.00** | |
| **MISCELLANEOUS** | | |
|     Travel | $ 38.61 | |
|     Internal Revenue Service | $ 301.00 | |
|     Penndot | $ 44.00 | |
| | **$ 383.61** | |
| **COPY, POSTAGE & FAX** | | |
|     UPS | $ 349.15 | |
|     Papercut | $ 146.65 | |
| | **$ 495.80** | |
| **TOTAL COSTS** | **$11,967.28** | |

Additionally, Plaintiffs agreed to a one-third gross contingent fee. Accordingly, counsel requests a fee in the amount of $28,333.33 which represents one-third of the gross proceeds of the settlement before deductions of costs. Counsel's representation included detailed review of pertinent medical records, Defendants' policies and procedures, Defendants' maintenance and employment records, preparation of pleadings, propounding detailed and specific written discovery upon all Defendants, the preparation of responses to written discovery propounded by Defendants, conducting multiple fact intensive depositions, the preparation for and defense of the

depositions of Plaintiff, Dawn Manella, witness interviews, consultation with multiple experts and lay witnesses for purposes of securing the necessary expert and fact witnesses testimony, and preparation of this document.

Plaintiffs agree that the requested attorney's fee of one-third of the gross settlement is reasonable and justified by the amount of work performed by counsel, the difficulty and importance of this litigation.

The Department of Human Services and Medicaid have been notified of this lawsuit and have not asserted any liens. *See* Exhibit "C". The Pennsylvania Department of Revenue has been provided a copy of this petition and has raised no objections. *See* Exhibit "D".

Pursuant to the Wrongful Death Statute (42 Pa C.S. § 8301), the beneficiaries of the Wrongful Death Claim, and the proposition of their interest, are Dawn Mannella and Joseph A. Bracken. Petitioner requests allocation of the net proceeds ($44,699.39) of the settlement after deduction of costs and attorney's fees as follows:

| | |
|---|---|
| Wrongful Death (95%) | $42,464.42 |
| *To: Dawn Mannella and Joseph A. Bracken* | |
| Survival Claim (5%) | $2,234.97 |
| *To*: *Estate of Joseph E. Bracken* | |

This allocation between Wrongful Death and Survival is fair and reasonable under the circumstances where Mr. Bracken's Estate did not suffer harm in his death, attributed to fentanyl which is a central nervous system depressant, and he was not employed at the time of his passing. Ms. Mannella and Mr. Bracken continue to grieve the loss of their son and the companionship he provided.

**WHEREFORE**, Petitioner request that they be permitted to enter into the settlement recited above and that the Court enter the attached Order, which recites the above breakdowns and distribution schemes.

                                        Respectfully Submitted,

                                        **THE BEASLEY FIRM, LLC**

                                        **BY:**   <u>*Lane R. Jubb, Jr.*</u>
                                                      Lane R. Jubb, Jr., Esq.
                                                      *Attorneys for Plaintiffs*

Dated:  7 February 2025

## VERIFICATION

I hereby state that I am the Administratrix of the Estate of Joseph E. Bracken and that I agree with the entirety of the Petition for Settlement Approval to which this Verification is appended. The undersigned understands that the statements made therein are subject to penalties relating to unsworn falsification to authorities.

Dated: 2-4-2025

_____
Dawn Mannella